**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 24-20756-CV-WILLIAMS**

LORENZO JOHNSON JR.,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

## ORDER

      **THIS MATTER** is before the Court on Magistrate Judge Lisette Reid's Report and Recommendation on the Parties' Motions for Summary Judgment (DE 20) ("***Report***"). In the Report, Judge Reid recommends that Plaintiff's Motion for Summary Judgment (DE 15) be denied, Defendant's Motion for Summary Judgment (DE 18)[1] be granted, and the Administrative Law Judge's ("***ALJ***") decision that Plaintiff is not disabled be affirmed. (DE 20 at 1, 14–15.) Plaintiff filed a Response to Defendant's Cross Motion (DE 19).

      The Report concludes the ALJ "applied the proper legal standard" and "her findings were supported by substantial evidence." (*Id.* at 14.) Specifically, the Report finds that the ALJ's analysis of Horace Ellis' ("***Ellis***") medical opinion sufficiently considered Ellis' clinical notes, Plaintiff's statements regarding symptom improvement, and the other evidence in the record. (*Id.*) Plaintiff filed an Objection to the Report and Recommendations (DE 21) ("***Objection***"). Therefore, the Court conducted a *de novo* review of the Report.

---

[1] Defendant's Motion for Summary Judgment doubled as its response to Plaintiff's Motion for Summary Judgment. (DE 18 at 1.)

Plaintiff contends the ALJ's finding regarding the "mental aspect of th[e] [residual functional capacity] was not supported by substantial evidence[] due to the ALJ's failure to properly explain [her] consideration of" the supportability and consistency factors with regard to Ellis' medical opinion (DE 15 at 7–8). If Plaintiff is correct, the ALJ's failure to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dept. of Health and Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (noting the "substantial evidence" standard for factual findings in a disability decision, but also explaining that "conclusions of law are not presumed valid" and sufficient reasoning must be provided to allow for meaningful judicial review); *see also Sneed v. Comm'r of Soc. Sec.*, No. 6:13-cv-1453-Orl-TBS, 2015 WL 1268257, at *2 (M.D. Fla. Mar. 19, 2015) ("The [c]ourt will reverse a final decision if the ALJ . . . fails to provide sufficient reasoning for the [c]ourt to determine whether the ALJ properly applied the law."). For the reasons set forth below, the Court agrees with Plaintiff.[2]

Ellis had been Plaintiff's therapist for several years during the period for which Plaintiff claims his mental health impairments rendered him disabled. (DE 12 at 34) (ALJ decision). In addition to providing his clinical notes, Ellis completed a treating source statement in October 2020 to aid in the review of Plaintiff's claim. (*Id.* at 34–35.) In that statement, Ellis opined that Plaintiff "is likely to be off task greater than 15% during an 8-hour workday, in addition to standard breaks," due to "several thought/mood symptoms," including hallucinations and depression caused by Plaintiff's diagnosed

---

[2] The Parties' briefing on summary judgment and the Report comprehensively summarize the background of the case and the record. *See* (DE 15 at 1–6; DE 18 at 2–-7; DE 20 at 1–2, 4–8.)

schizoaffective and generalized anxiety disorders.[3] (DE 12-1 at 96–97.) Ellis further opined that Plaintiff's abilities to relate to co-workers, deal with the public, interact with supervisors, deal with work stresses, function independently, maintain concentration, understand, remember, and carry out complex job instructions, respond appropriately to usual work situation[s] and to changes in routine work setting[s], behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability were "poor to none". (*Id.* at 98–99.) Ellis found Plaintiff had a "fair" ability to understand, remember and carry out simple job instructions, follow work rules, and use judgment, and a "good" ability to maintain personal appearance. (*Id.*)

In her decision, the ALJ included a partial summary of Ellis' treatment notes and the above opinions, before concluding the following:

> The undersigned finds the portion of [Ellis'] opinion regarding the claimant's ability to work a full time job to be unpersuasive as this in [sic] an issue reserved for the Commissioner and unsupported by the record. The undersigned finds the portion of this opinion noting "fair" abilities in using judgment, following work rules . . . to be generically persuasive as this assessment is consistent with therapy notions of the claimant's ability to follow direction easily and moodiness. **The undersigned otherwise finds the remaining opinions, including his findings of "poor to none" abilities to be unpersuasive as it is unsupported by the record as a whole and the claimant's reports of some symptom improvement over the course of psychiatric treatment**.

(DE 12 at 35) (emphasis added).

---

[3] Dr. Guy Vinh, a mental health practitioner at North Dade Health Center who treated Plaintiff for two years, similarly opined in April 2022 that Plaintiff would "miss work three times a month and be off task for more than fifteen percent of an eight hour workday." (DE 12 at 34.) Similar to with Ellis' opinion, the ALJ found this opinion unpersuasive because "treatment records do not support and are inconsistent with this opinion." (*Id.*) Vocational expert James Miller testified at hearing before the ALJ that "off-task behavior at that level would preclude competitive employment." (*Id.* at 73.) Therefore, the ALJ's decision to disregard these opinions likely impacted her conclusion that Plaintiff is capable of performing past relevant work and making a transition to other available work, and, therefore, is not disabled. (*Id.* at 37–38.)

When evaluating the persuasiveness of medical opinions in a disability determination, the ALJ must consider several factors, but must only "explain how [they] considered the supportability and consistency factors," as they are "the most important factors." 20 C.F.R. §§ 404.1520c(b)(1)–(2); *see also Robinson v. Kijakazi*, No. 21-21603-CIV-SINGHAL/MCALILEY, 2022 WL 18155656, at *4 (S.D. Fla. Dec. 21, 2022) ("Other than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness."). Supportability is the extent to which the opinion is supported by "objective medical evidence and supporting explanations" within the opinion. § 404.1520c(c)(1). Consistency is the degree to which the opinion conforms with other medical and nonmedical sources in the claim. § 404.1520c(c)(2).[4]

There is no requirement that the ALJ use the "magic" terms supportability or consistency. *Brioso v. Kijakazi,* No. 22-cv-21991-JEM/Becerra, 2023 WL 5595912, at *8 (S.D. Fla. Aug. 11, 2023) (report and recommendation). However, conclusory statements are "insufficient to allow the [c]ourt to determine that the ALJ's decision is supported by substantial evidence." *Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-01515-RBD-DCI, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020) (The ALJ's conclusory statements that "there is no support on record" for the opinion and "[c]laimant's daily activities are also inconsistent with [the] opinion" precluded meaningful review of the ALJ's conclusion and required remand). Similarly, "[t]he ALJ cannot merely summarize

---

[4] The Report initially identifies these regulations as governing the ALJ's assessment of Ellis' opinion. (DE 20 at 11, 13.) However, when reviewing the ALJ's analysis, the Report cites different rules more generally applicable to the evaluation of evidence in a disability claim, for the proposition that "[t]he ALJ is not required to articulate how he considered each opinion or finding." (DE 20 at 14) (citing 20 C.F.R. §§ 404.1520(b)(1), 416.920(b)(1)).

the evidence, as a whole, and then conclude that medical opinions are not consistent with the evidence as a whole. Rather the ALJ must build a logical analytical bridge explaining what particular evidence undermined the medical opinions and why." *Gary-Lowe v. O'Malley*, No. 22-cv-22379-JB, 2024 WL 1178658, at *7 (S.D. Fla. Feb 12, 2024) (alterations and internal quotations omitted) (quoting *Brown v. Comm'r of Soc. Sec.*, No. 6:20-cv-840-GJK, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021)).

The ALJ did not adequately articulate her supportability or consistency analyses of Ellis' assessments that Plaintiff would be off task more than 15% of a workday and has "poor or no abilities" in certain listed areas. The ALJ's conclusory statement that these opinions were "unsupported by the record as a whole and claimant's reports of some symptom improvement" do not allow the Court to meaningfully review the conclusions.

Other courts have made the same determination in similar cases. For instance, in *Bowen v. Kijakazi*, the ALJ found a doctor's opinion unpersuasive because it was "inconsistent with his clinical findings . . . and contradicted [another doctor's] opinion." No. 6:21-cv-201-JRK, 2022 WL 3135019, at *5–6 (M.D. Fla. Aug. 5, 2022). The court held that the ALJ's findings were "too conclusory to allow for meaningful judicial review" because it was "not immediately apparent from a review of the treatment records and clinical findings . . . how they fail to support the opinions," and there was no explanation as to how the two medical opinions conflicted. *Id.* at *6. Similarly, in this case, the ALJ did not explain which parts of the record conflicted with Ellis' opinions, which of Plaintiff's reports of symptom improvement she relied upon, or how she compared those reports with the many contained in the hundreds of pages of medical records in which Plaintiff

complained of his symptoms worsening or still being debilitating despite improvement. *See also Collins v. Comm'r of Soc. Sec.*, No. 2:23-cv-276-KCD, 2024 WL 1694704, at *2–3 (M.D. Fla. Apr. 19, 2024) (remanding for insufficient discussion of supportability and consistency because, even though the ALJ "did discuss some of [the opining nurse's] records . . . he never tied his discussion of those records to the persuasiveness of her opinions," nor made it clear which records he relied on); *Mena v. Kijakazi*, No. 1:22-cv-24098 SCOLA/GOODMAN, 2023 WL 8851099, at *6–7 (S.D. Fla. Nov. 17, 2023) (report and recommendation) (the ALJ's explanation that an opinion is "persuasive, as it is generally consistent with the overall medical evidence of record" failed "to satisfy her burden to evaluate the 'supportability' and 'consistency' of the opinion," so required remand); *Brioso v. Kijakazi,* No. 22-cv-21991-JEM/Becerra, 2023 WL 5595912, at *7–9 (S.D. Fla. Aug. 11, 2023) (recommending reversal and remand due to the ALJ's failure to adequately explain how the record evidence cited impacted the supportability or consistency of the opinion at issue); *Vicente v. Comm'r of Soc. Sec.*, No. 6:22-cv-01057-LHP, 2023 WL 2864407, at *5 (M.D. Fla. Apr. 10, 2023) (when a doctor based her opinion of claimant's intellectual disability on two IQ tests, other medical reports, and clinical observations, the ALJ's explanation that the opinion is "not persuasive as the testing results were invalid as the claimant did not put forth her best effort" did not sufficiently address supportability, did not address consistency at all, and required remand).

The Report suggests the Court can look to the ALJ's summaries of Ellis' and others' treatment notes from other areas of the ALJ's decision to discern which parts of the record the ALJ found inconsistent with Ellis' opinions. (DE 20 at 12–14) (discussing

how "[t]he ALJ cited to various psychiatric treatment notes throughout her evaluation" and to "specific psychiatric notes from []Ellis' sessions," before concluding that the "record evidence is sufficient to support the ALJ's decision"). However, "it is not the role of the Court to assume that the ALJ intended to cite this record as support for [her] conclusion that the treating providers' opinion is inconsistent with the record evidence." *Perez v. Comm'r of Soc. Sec.*, No. 6:20-cv-1470-LRH, 2022 WL 195431, at *6 (M.D. Fla. Jan. 21, 2022) (internal citations omitted); *see also Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-01515-RBD-DCI, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020) (report and recommendation) ("Even if the Court waded through the ALJ's entire discussion of the medical record in this case . . . and managed to identify those records that both fall within the relevant time period and (in the [c]ourt's opinion) appear inconsistent with [the medical opinion], the ALJ never discussed any such records in relation to [that medical opinion]. . . . Thus, the ALJ failed to build the requisite 'accurate and logical bridge from the evidence to [her] conclusion.'") (fourth alteration in the original) (quoting *Flentroy-Tennant v. Astrue*, No. 3:07-cv-101-J-TEM, 2008 WL 876961, at *8 (M.D. Fla. Mar. 27, 2008)).[5]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Judge Reid's Report (DE 20) is **REJECTED**.

2.   Plaintiff's Motion for Summary Judgment (DE 15) is **GRANTED**.

3.   Defendant's Motion for Summary Judgment (DE 18) is **DENIED**.

4.   The decision of the Commissioner is **REVERSED** and **REMANDED** for the Commissioner to address the issues outlined above and take any other

---

[5] Neither Defendant nor the Report analyzes any cases in which similar rulings by ALJ's were held to be sufficient explanations of supportability and consistency.

action deemed necessary.

5.    The Clerk is directed to **ENTER** judgment for Plaintiff and against the Commissioner and **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this <u>5th</u> of March, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE